JOSEPH L. MOODY, Appellant, v. S. E. PALMER, Administrator, et al., Respondents.

No. 2715; May 16, 1873.

**Highway—Abandonment—Reversion of Fee.**—When land conveyed is bounded by a highway, the conveyance carries the fee to the center of the road, so that when the right of way or easement ceases, the soil becomes the absolute property of the grantee or his assigns.

**Limitation of Action—Constitutionality of Statute.**—The act of March 5, 1864, sometimes called "The Hawes Limitation Act," is not repugnant to the constitution of the state.

APPEAL from Fourth Judicial District, San Francisco County.

Williams & Thornton for appellant; Whiting, Naphtaly & Newman for respondents.

See Moody v. Palmer, 50 Cal. 31.

BELCHER, J.—The action is ejectment to recover the possession of a parcel of land in the western addition to the city of San Francisco. Both parties claim title in fee. The material facts developed at the trial are as follows: In 1852 Dyer and Gladding, who were partners in business, purchased the possessory claim to an uninclosed tract of about eighty acres of land and took the deed in the name of Dyer alone. There was at the time a small inclosure upon the tract for a chicken-yard. They entered into the actual possession of the part inclosed and continued to hold it until some time in 1853, when they made fences which, with fences already constructed by others, inclosed the whole tract. Shortly after making the inclosure they laid out the ground in blocks, lots, streets and alleys, and procured a map or plat to be made showing it as thus laid out. One of these streets they named Park avenue. They also, from time to time, sold and conveyed to various persons parcels of the tract, bounding them upon the streets so laid out. In July, 1854, Dyer made conveyances to Simmons and Folsom and to Bassett, commencing in one deed "at the northwesterly corner of Pine street and Park avenue,"

and in the other at the ''northeast corner of Pine street and Park avenue,'' and then in each running round to Park avenue, and ''thence at right angles along the Park one hundred and twenty feet to the place of beginning.''

The unsold portions of the tract they used for various purposes until October, 1855, when they dissolved their partnership and divided their property. To make the division Dyer conveyed his interest in a portion of the tract to Gladding, but Gladding made no deed to Dyer, it being supposed by them that the legal title was then in Dyer. Shortly after the division Dyer went away from the land and never afterward lived upon or had actual possession of any portion of it. In 1858 the whole tract was laid out by commissioners appointed by the city into blocks and streets, and some of the streets, including Park avenue, theretofore laid out by Dyer and Gladding, were abandoned and ceased to be used as such. The land in controversy in this action is that which lay in Park avenue, adjacent to the land conveyed by Dyer to Simmons and Folsom and to Bassett in July, 1854, and also a strip seventeen and a half feet wide at the north end thereof. The defendants have the title of Gladding to all of the demanded premises and that of Dyer to all except the narrow strip spoken of, provided the descriptions in his deeds of the adjoining land are to be regarded as extending to the center line of Park avenue. They have also been in the actual possession of the premises since some time prior to 1861. The plaintiff claims title under a conveyance made by Dyer in 1868.

The court, at the request of the defendants, instructed the jury to the effect that when land is conveyed and bounded by a highway, street or avenue, the conveyance carries with it the fee to the center of the road, street or avenue, as part and parcel of the grant, and that when the right of way or easement ceases, the lands included within the street or avenue belong to the adjoining owner as part of his grant; that if the jury should find that Dyer or Gladding, or both, conveyed any of the lands upon and bounded by Park avenue, the fee to such lands extended to the middle of such street or avenue, and passed to the adjoining grantee and owner, and that when the avenue ceased to be used as such, the adjoining grantee and owner held such street or avenue as his own, free and clear of such way or easement.

And the court refused the request of the plaintiff to instruct the jury that if the legal title of the property in controversy vested in Dyer at any time subsequent to the 8th of October, 1855, then Dyer's title passed to and vested in the plaintiff by virtue of Dyer's deed to him, and he was not barred by any statute of limitations, inasmuch as the act of the legislature, approved March 5, 1864, entitled "An act to limit the time for the commencement of civil actions in certain cases," is unconstitutional and void.

The defendants had judgment and the plaintiff appealed.

The giving of the instruction asked by the defendant and the refusal to give that asked by the plaintiff constitute the only errors assigned in the case.

1. There can be no doubt that when Dyer conveyed to Simmons and Folsom and to Bassett in 1854, he conveyed all his interest to the center line of Park avenue. It is well settled that when land is described in a deed as bounded by, upon, or along a public highway, street, or stream not navigable, it will be regarded as extending to the center of such highway, street or stream, unless it clearly appears that the parties intended to make a side line instead of the center line the boundary. This rule has been adopted out of considerations of policy, and it will always be applied if it can be done without manifest violence to the words used in the conveyance. The road is a monument, and in legal contemplation the thread of the road is the monument or abuttal: Newhall v. Ireson, 8 Cush. (Mass.) 595, 54 Am. Dec. 790; 2 Smith's Leading Cases, 232.

There is nothing in Dyer's deeds showing any intention to make the side lines of the avenue the boundaries. The fact that corners of Pine street and Park avenue are made initial points has no such tendency.

It follows that when Park avenue was abandoned and ceased to be used as a street, the title to so much of it as lay adjacent to the land theretofore conveyed by Dyer was not in him, but in his grantees, or in them in common with Gladding. It also follows that, as to this land, no title vested in Dyer under the provisions of the Van Ness ordinance, and that his deed to the plaintiff was inoperative to convey any right therein.

2. The plaintiff insists that the act of March 5, 1864, sometimes called the "Hawes Limitation Act," is repugnant to

that provision of the constitution which provides, "that all laws of a general nature shall have a uniform operation"; and to that which declares that men have certain inalienable rights, among which are those of "acquiring, possessing and protecting property"; and to that which declares that no person shall be deprived of his property "without due process of law"; and also to that which declares that "no bill of attainder, ex post facto law, or impairing the obligation of contracts shall ever be passed."

The first section of the act reads as follows: "In any action which shall be commenced more than one year after this act takes effect for the recovery of real property situated in the city and county of San Francisco, or for the recovery of the possession thereof, or in which the title to such real property shall be tried or affected, none of the provisions of the act entitled an act concerning the city of San Francisco, and to ratify and confirm certain ordinances of the common council of said city, passed March eleventh, eighteen hundred and fifty-eight, and none of the provisions of either of the orders or ordinances therein recited or referred to, shall be deemed, construed, or have effect to give, confirm, or otherwise aid the right or title set up or claimed by any party, unless such party, his ancestor, predecessor, or grantor, shall have had actual possession of the land in dispute within five years next before the commencement of such action, the time already elapsed when this act takes effect to be included in the computation."

This act was under consideration in the case of Brooks v. Hyde, 37 Cal. 366, and was held not to be unconstitutional. The only point made was, that it was repugnant to that provision of the constitution which provides "that all laws of a general nature shall have a uniform operation," but it was considered by the court not to be repugnant to that or any other provision of the constitution. It may be admitted that the constitutionality of the act was not necessarily involved in that case, inasmuch as the judgment was reversed upon other grounds; still we are of the opinion that upon the point discussed the reasoning is convincing and the conclusion arrived at correct.

In considering the other grounds of alleged unconstitutionality we must first ascertain what was the scope and purpose of the act, and in doing this it may be well to bear in mind the three points which, Blackstone says, should be considered in the construction of all remedial statutes—the old law, the mischief, and the remedy. It is a part of the familiar history of the city of San Francisco that after the passage of the Van Ness ordinance many questions arose as to who were the beneficiaries of the ordinance in particular instances, and that out of these questions arose uncertainty of titles, vexatious and expensive litigation, and sometimes personal conflicts. It was claimed by many parties who had not the actual possession which the ordinance made necessary to the transfer of title that their possession had been interrupted by intruders or trespassers, and that they could and would recover it back by legal process. But all the titles being derived through the grant to the pueblo to which the city was successor, there was no statute of limitations applicable to them, and no fixed time in which actions must be commenced. In this condition of things the act in question was passed by the legislature, providing, as we construe it, that if at the time of the passage of the act one were out of the actual possession of land which he claimed and had been out for four years or more, and another were then in the possession, he should bring his action to recover possession within one year thereafter; or if he were out of the actual possession, but had been out for less than four years, then he should bring his action to recover the possession within five years from the time he went out of the actual possession; and this under the penalty of not being permitted to avail himself of the ordinance for the purpose of establishing his title. The act applied only to such causes of action as were existing at the time of its passage, and gave no one less than a year in which to assert his rights. It was a statute of repose, and was intended to meet a then present public want, by requiring all adverse claims to be early put in suit and adjudicated.

In this view of the act we are unable to see how it in any way interfered with the ''acquiring, possessing and protecting

property," or deprived anyone of his property "without due process of laws," or impaired "the obligation of contracts."

It results that there was no error committed by the court, and that the judgment must be affirmed.

So ordered.

We concur: Wallace, C. J.; Crockett, J.; Niles, J.

RHODES, J.—I am unable to concur in the conclusion announced in the opinion, in respect to the validity of the "Hawes Limitation Act"; but in my judgment that act is unconstitutional and void.